*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MARK ANTHONY VARNER,

Defendant-Appellant.

UNPUBLISHED
April 16, 2019

No. 333535
Macomb Circuit Court
LC No. 2014-003080-FC

Before: TUKEL, P.J., and BECKERING and SHAPIRO, JJ.

SHAPIRO, J. (*dissenting*).

I respectfully dissent. I would reverse defendant's convictions on the basis of prosecutorial misconduct. After the trial court granted defendant's motion in limine to admit evidence concerning the complainant's prior offense conduct and conviction, the prosecutor filed a motion to suppress that evidence, which essentially amounted to an untimely motion for reconsideration. The prosecutor's motion rested solely on the reports of polygraph examinations of complainant and his girlfriend. The trial court granted the prosecutor's motion, reversing its prior ruling allowing admission of evidence concerning the complainant's prior crime. For the reasons discussed below, I conclude that prosecutor's use of the polygraph examination was improper and warrants a new trial.

## I. BACKGROUND

This case arose out of a road rage incident during which both the defendant and the complainant called the police. Defendant concedes that he fired a gun at complainant's vehicle but asserts that the complainant fired on him first. The complainant testified that he never fired a weapon at defendant's vehicle and did not have one in his vehicle.

In 1998, the complainant was convicted of assault with intent to commit murder that involved the complainant shooting a firearm from a vehicle into an occupied house. Defendant filed a motion to allow admission of that conviction as other-acts evidence under MRE 404(b). Defendant argued that complainant's prior offense conduct was substantially similar to his conduct (as described by defendant) in this case. In response, the prosecutor attempted to distinguish the two events. The trial court heard oral argument and later issued an opinion and

order granting defendant's motion. The court reasoned that complainant's prior acts were "sufficiently similar" to be admitted under MRE 404(b). The court also indicated that the probative value of the evidence was not substantially outweighed by danger of unfair prejudice.

Months later, the prosecutor filed a motion to suppress evidence of the complainant's prior bad acts. The sole support for the motion was the result of the polygraph examinations, the reports of which were attached to the motion. That report stated that in the examinations of complainant and his girlfriend, during which they stated that complainant fired no shots and had no weapon, there was "no deception indicated" on the polygraph. Defendant argued that the polygraph evidence was improper, while the prosecution asserted that such evidence could be used to evaluate a motion to suppress. The trial court heard oral argument and later issued an opinion granting the prosecutor's motion. The court agreed with defendant that the prosecutor's motion to suppress was essentially a motion for reconsideration. The court also stated that the polygraph should not be considered, citing the well-established principle that such evidence is not admissible at trial. Nonetheless, the trial court changed its view of the evidentiary question, now finding that the similarities between the instant case and complainant's prior conviction were "extremely limited" and thus the probative value of the other-acts evidence was "slim."

## II. ANALYSIS

"Prosecutorial misconduct issues are decided on a case-by-case basis." *People v Mullins*, 322 Mich App 151, 172; 911 NW2d 201 (2017). "The bright-line rule that evidence relating to a polygraph examination is inadmissible is well established." *People v Jones*, 468 Mich 345, 355; 662 NW2d 376 (2003). There are limited exceptions to this rule. In *People v Barbara,* 400 Mich 352, 412-413; 255 NW2d 171 (1977), our Supreme Court held that polygraph test results may be considered in deciding a motion for a new trial, provided that certain enumerated conditions are met. Relevant to this case, "[t]he results of the polygraph tests [must be] offered on behalf of the defendant." *Id*. at 412. In *People v McKinney,* 137 Mich App 110, 115-117; 357 NW2d 825 (1984), this Court held that polygraph test results may also be considered in deciding motions to suppress, but the same requirements outlined in *Barbara* must be met. Thus, polygraph test results may only be considered in a motion to suppress evidence when it is offered by the defendant.

Here, it was the prosecution—not the defendant—who offered the results of the polygraph examination. This was improper as it was in direct conflict with the above-cited long-standing caselaw. On appeal, the prosecution offers no grounds for its action other than to cite *McKinney* which, as just noted, specifically bars the prosecution's use of polygraph evidence as to motions, unless brought by the defendant.

"The prosecutor's primary interest in a criminal prosecution is that 'justice shall be done.' Thus, 'while he may strike hard blows, he is not at liberty to strike foul ones.' " *Lorraine v Coyle*, 291 F3d 416 (CA 6, 2002), quoting *Berger v United States*, 295 US 78, 88-89; 55 S Ct 629; 79 L Ed 1314 (1935).

The misconduct in this case was especially egregious because the polygraph examination had no relevance to the motion to suppress in this case. In *McKinney*, 137 Mich App at 115, the motion to suppress involved a credibility determination. In short, whether the officers conducted

an unlawful search of a vehicle turned on whether the trial court believed the testimony of the officers or the defense witnesses. *Id*. at 113. This Court affirmed the trial court's decision to consider the defendant's polygraph evidence in conjunction with his motion to suppress because it was directly related to the credibility determination before the trial court:

> The question presented is not the ultimate one of defendant's guilt or innocence. Rather, the question is a legal one to be decided by the trial court. In many cases, as in this, the trial court's decision rests upon a credibility determination. While a polygraph examination result ought not be determinative, it might be useful to assist the court in determining credibility or veracity. If so, a trial court should have the discretion to consider polygraph examination results in making that determination. [*Id*. at 115-116.]

In contrast, the motion to suppress in this case turned on a MRE 404(b) analysis, i.e., whether the evidence was offered for a proper purpose, and a MRE 403 analysis. The defendant and the complainant had not testified before the court at the suppression hearing, and the court was not tasked with a credibility determination. Thus, the complainant's and his girlfriend's polygraph test results had no bearing on the motion to suppress before the trial court and therefore those results were not a cogent reason for the trial court to reconsider its prior ruling.

The majority relies on the fact that trial court stated that the polygraph examination should not be considered. This overlooks that the prosecutor's motion to suppress, i.e., motion for reconsideration, would not have been brought had the prosecutor not improperly relied on the polygraph test results. Practically speaking, motions for reconsideration are not brought or granted unless they raise new issues:

> (3) Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error. [MCR 2.119(F)(3).]

The only new issue raised by the prosecutor in its motion to suppress pertained to the polygraph test. Had the prosecutor not improperly relied on those results, there is no reason to believe that the motion would have been brought or that the trial court would have sua sponte reconsidered its prior decision. Further, despite the trial court's disclaimer, I conclude that the prosecutor's improper reliance on the polygraph evidence likely affected the trial court's determination. The polygraph suggested that there was "objective" evidence of defendant's guilt, which can bias even a skilled jurist to an unwarranted acceptance of the prosecution's legal argument. This effectively undermines the presumption of innocence that exists at the time pre-trial motions are considered.

Prosecutorial misconduct requires reversal "if it appears more likely than not that the error was outcome-determinative." *People v Blevins*, 314 Mich App 339, 355; 896 NW2d 456 (2016). In the absence of the prosecutor's misconduct, I conclude that there is a strong likelihood that the trial court's initial ruling would have stood and defendant would have

presented evidence of the complainant's prior offense conduct and conviction. And the prosecutor's own arguments regarding the substantial prejudice of that evidence to its case establishes a reasonable probability that this evidence would have resulted in a different outcome at trial. Accordingly, I would reverse defendant's convictions and remand for a new trial.


/s/ Douglas B. Shapiro